### DRUCKLIEB v. HARRIS et al.

(Supreme Court, Appellate Division, First Department. July 10, 1913.)

1. CORPORATIONS (§ 320*)—FRAUD OF DIRECTOR—WAIVER OF RIGHTS.

Where an assignment by a corporation and subsequent proceedings in bankruptcy against it were in pursuance of a fraudulent scheme by defendant, a director of it, to acquire for himself its assets at the expense of plaintiff, its only other important stockholder, plaintiff did not, by not attacking the bankruptcy proceedings, waive any rights against defendant, who bought the assets from the receiver in bankruptcy.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1426–1431, 1433–1439; Dec. Dig. § 320.*]

2. CORPORATIONS (§ 320*)—FRAUD OF DIRECTOR—INJUNCTION.

The facts justifying the presumption that the assignment of a corporation and the proceedings in bankruptcy against it were in pursuance of a fraudulent scheme of defendant, a director of it, to acquire for himself its assets at the expense of plaintiff, its only other important stockholder, he will, till determination of the action to have him adjudged to hold, as trustee for the benefit of the corporation and its stockholders, its assets, which he bought from its receiver in bankruptcy, be enjoined from transferring or disposing of them, unless he gives an undertaking to pay any final judgment against him.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1426–1431, 1433–1439; Dec. Dig. § 320.*]

Appeal from Special Term, New York County.

Action by Julius C. Drucklieb, suing as stockholder of Sam H. Harris, Incorporated, against Sam H. Harris, individually and as a director and officer of said corporation, impleaded with others, to have said Harris adjudged to hold, as trustee for the benefit of said corporation and its stockholders, its assets, which he bought from its receiver in bankruptcy, paying 20 per cent. in cash and giving his notes for the balance. From an order denying plaintiff's motion to continue, till final determination of the action, a temporary injunction restraining defendant Harris from transferring or disposing of said assets, plaintiff appeals. Conditionally reversed.

See, also, 140 N. Y. Supp. 1117.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Louis O. Van Doren, of New York City, for appellant.
Jacob Ansbacher, of New York City, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM. [1, 2] The facts, as they appear upon this record, fairly justify the presumption that the assignment and the subsequent proceedings in bankruptcy were in pursuance of a fraudulent scheme on the part of the respondent, Sam H. Harris, to acquire for himself the assets of the corporation at the expense of the appellant, the only other important stockholder. The assignment was itself an act of bankruptcy, and any fraud on the part of Sam H. Harris in procuring the same was not imputable to the creditors who filed the petition in bankruptcy. Under these circumstances, the appellant should not be held to have waived any rights because he did not attack the bankruptcy proceedings.

But inasmuch as to unqualifiedly restrain a sale by Sam H. Harris of the former assets of the corporation might result in depriving the former creditors of the corporation of the fund from which they expected to be paid when they consented to the sale to Sam, the order will be reversed, with $10 costs and disbursements to appellant, and the motion for injunction granted, with $10 costs, unless Sam H. Harris furnish appellant with a sufficient undertaking in the sum of $25,-000 to pay any final judgment recovered against him herein. If such bond is furnished, the order will be affirmed, with $10 costs and disbursements to appellant.

Settle order on notice.